IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAREY D. STOTLER | ) | CASE NO. |
| 177 ½ Pennsylvania Ave. | ) | |
| East Liverpool, Ohio 43920 | ) | |
| | ) | JUDGE |
| and | ) | |
| | ) | |
| CHRISTINA L. KETCHUM | ) | |
| 763 Salineville Rd., West | ) | |
| Salineville, Ohio 43945 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL W. BARNHART | ) | |
| 1534 Shadyside Rd. | ) | |
| East Liverpool, Ohio 43920 | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | COMPLAINT |
| -vs- | ) | FOR WAGE AND HOUR VIOLATIONS |
| | ) | (INDIVIDUAL & COLLECTIVE ACTION) |
| SELFRIDGE LEASING, LLC | ) | |
| % Statutory Agent | ) | JURY DEMAND |
| DLM STATUTORY AGENT CORP. | ) | ENDORSED HEREON |
| 25 S. Franklin St. | ) | |
| Chagrin Falls, Ohio 44022 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PROVIDENCE HEALTHCARE | ) | |
| MANAGEMENT, INC. | ) | |
| % Statutory Agent ELI GUNZBURG | ) | |
| 29225 Chagrin Blvd., Suite 230 | ) | |
| Cleveland, Ohio 44122 | ) | |
| | ) | |
| and | ) | |
| | ) | |

ELI GUNZBURG                          )
23313 Wendover Dr.                    )
Beachwood, Ohio 44122                 )
                                      )
          Defendants                  )


Now come Plaintiffs and for their complaint state as follows:

**JURISDICTION, PARTIES, AND GENERAL ALLEGATIONS**

1)     This is an action for violations of federal and state wage laws including the

overtime provisions of the Fair Labor Standards Act ("FLSA"); 29 U.S.C. 201 et seq.;

and O.R.C. § 4111.03.

2)     This Court has jurisdiction pursuant to 29 U.S.C. 216, 28 U.S.C. 1367, and

this Court's supplemental jurisdiction.

3)     Plaintiff Carey D. Stotler, during periods within the three (3) years

immediately prior to the filing of this action, was an employee of Defendants.  Plaintiff

Stotler brings this action in her individual capacity and also on behalf of all similarly

situated employees or former employees of Defendants who may file consents to join

this action.

4)     Christina L. Ketchum, during periods within the three (3) years

immediately prior to the filing of this action, was an employee of Defendants.  Plaintiff

Ketchum brings this action in her individual capacity and also on behalf of all similarly

situated employees or former employees of Defendants who may file consents to join

this action.

5)  Michael W. Barnhart, during periods within the three (3) years immediately prior to the filing of this action, was an employee of Defendants.  Plaintiff Barnhart brings this action in his individual capacity and also on behalf of all similarly situated employees or former employees of Defendants who may file consents to join this action.

6)  Plaintiffs Stotler, Ketchum and Barnhart have executed written consents to participate as Plaintiffs in this action, which written consents are attached hereto.

7)  Defendant Selfridge Leasing, LLC is a domestic limited liability company doing business and having its principal place of business in Columbiana County, Ohio, and is sometimes referred to herein as "Selfridge".  Defendant Selfridge is the registered operator of a licensed nursing facility identified in the records of the Ohio Department of Health as "Nentwick Care Center" located in Columbiana County, Ohio. Defendant Selfridge is also the registrant of the Ohio trade names "Nentwick Care Center" and "Valley Oaks Care Center".

8)  Defendant Providence Healthcare Management, Inc., is a corporation for profit organized and existing under the laws of the State of Ohio and doing business in Columbiana County, Ohio, and is sometimes referred to herein as "Providence Healthcare".  Defendant Providence Healthcare operates and/or provides management and staffing services to various nursing facilities in the State of Ohio, including the facility in Columbiana County, Ohio licensed under the name "Nentwick Care Center", which recently began using the name "Valley Oaks Care Center".

9)  Defendant Eli Gunzburg is the managing member of Defendant Selfridge and is the administrator of the nursing facility licensed as "Nentwick Care Center", which

3

now uses the name "Valley Oaks Care Center".  Defendant Eli Gunzburg is also the founder and owner of Defendant Providence Healthcare.  During periods relevant to this complaint Defendant Gunzburg had ownership interests in Defendants Selfridge and Providence Healthcare, had substantial responsibility for and control of such entities, acted in the interest of such entities with respect to Plaintiffs and similarly situated employees, was involved in management and payroll practices and policies of such entities, was an employer of Plaintiffs, and was and is an employer of similarly situated employees within the meaning of 29 U.S.C. 203 and O.R.C. Chapter 4111.

10)     Defendants are joint employers within the meaning of the FLSA and state law.

11)     Defendants, individually and/or collectively, constitute and constituted an enterprise or enterprises engaged in commerce within the meaning of 29 U.S.C. 203(s), having annual revenues of in excess of $500,000.

## FIRST CLAIM

12)     Plaintiffs reallege the allegations of the foregoing paragraphs as if fully rewritten herein.

13)     Defendants employed Plaintiffs and similarly situated employees for workweeks longer than forty (40) hours per week but failed and refused to compensate them at the rate of one and one-half (1 ½) times their regular hourly rates, contrary to § 7(a) of the FLSA, 29 U.S.C. 207(a) and O.R.C. § 4111.03.

14)     Defendants' failure to pay overtime to Plaintiff and other similarly situated employees was based upon policies and practices which were common to all similarly situated employees and which include but are not limited to the following:

4

a)   Rather than paying overtime for hours credited as worked in excess of forty (40) hours per week, Defendants paid overtime only where such hours credited exceeded eighty (80) hours in a two week period;

b)   Defendants automatically deducted thirty (30) minutes per shift despite the fact that Plaintiffs and similarly situated employees were not completely relieved from duties during those periods, normally worked during those periods, and were required to remain on the premises during those periods. Further, Defendants frequently did not pay for such hours worked even when employees complained or notified Defendants that they worked during such lunch periods;

c)   Defendants regularly did not compensate Plaintiffs and similarly situated employees for hours worked beyond their scheduled shifts, even though such hours worked were clearly reflected upon employee time records;

d)   Defendants routinely did not pay Plaintiffs and similarly situated employees for overtime hours worked without specific authorization for such overtime, despite the fact that Defendants suffered or permitted such work; and

e)   On information and belief, Defendants edited employee time records to delete time worked.

15)   Defendants' actions were willful and not in good faith.

16)   Plaintiffs bring this action in their individual capacities as well as in the capacity as representatives of other similarly situated employees who may elect to join this action.

17)   Those similarly situated employees are known to Defendants and are readily identifiable by Defendants.

18)   Such similarly situated employees should be properly notified of this action and afforded the opportunity to opt-in to this action pursuant to 29 U.S.C. 216(b).

5

19)     The exact sum due and owing to Plaintiffs and similarly situated employees for unpaid overtime compensation is not known at this time.

20)     Pursuant to 29 U.S.C. 216 and O.R.C. Chapter 4111, Defendants are liable to Plaintiffs and similarly situated employees who consent to join this action for their unpaid overtime compensation, an equal amount in liquidated damages, and all reasonable costs, expenses, and attorney fees incurred.

WHEREFORE, Plaintiffs and all similarly situated employees who consent to join this action demand the following relief:

1)     An order conditionally certifying the present action as a collective action;

2)     An order requiring Defendants to forthwith produce the names, dates of employment, and last known addresses, telephone numbers and email addresses of all current of former employees during the three (3) year period proceeding the filing of this action;

3)     An order authorizing the issuance of notice at the earliest possible time to all current or former employees during the three (3) year period proceeding the filing of this action, informing them of the nature of this action of their right to consent to join this action;

4)     An order tolling the statute of limitations during the time period from the filing of this action to the date established for additional employees to consent to join this action;

5)     An order declaring Defendants' actions in violation of the overtime provisions of the FLSA and O.R.C. Chapter 4111;

6)     An order declaring Defendants' actions willful and not in good faith;

6

7)      An award to each Plaintiff and similarly situated employee who joins this action of their unpaid overtime and an equal amount in liquidated damages;

8)      An order permanently enjoining Defendants from future violations of the above laws;

9)      An award of the reasonable attorney fees, costs, and expenses of Plaintiffs and similarly situated employees who join this action; and

10)     An award of any other relief to which Plaintiffs and/or similarly situated employees who may join this action may be entitled.

GREEN HAINES SGAMBATI CO., L.P.A.


By s/ Richard T. Bush                          
RICHARD T. BUSH (#0020899)
Attorney for Plaintiff
City Centre One, Suite 800
100 Federal Plaza East
P.O. Box 849
Youngstown, Ohio 44501-0849
Telephone: (330) 743-5101
Fax: (330) 743-3451
E-Mail: rbush@green-haines.com

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury in this matter.

GREEN HAINES SGAMBATI CO., L.P.A.

By  /s/ Richard T. Bush
RICHARD T. BUSH (#0020899)
Attorney for Plaintiff(s)

## INSTRUCTIONS FOR SERVICE

TO THE CLERK:    Please serve the foregoing Complaint upon the Defendants at the addresses listed in the caption of the Complaint pursuant to Fed. Civ. R. 4(e)(1) and Ohio Civ. R. 4.1(1).

GREEN HAINES SGAMBATI CO., L.P.A.

By  /s/ Richard T. Bush
RICHARD T. BUSH (#0020899)
Attorney for Plaintiff

8